IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRYAN K. McCLELLAND                                                                          PLAINTIFF

v.                                              CASE NO.          12-2021

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration                                                            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.  Procedural Background:**

The plaintiff filed his applications for DIB and SSI on July 20, 2009, alleging an onset date of July 20, 2009, due to plaintiff's "back problems and hip" (T. 58).  Plaintiff's applications were denied initially and on reconsideration.  Plaintiff then requested an administrative hearing, which was held on August 17, 2010.  Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was 42 years of age and possessed a high school education.  The Plaintiff had past relevant work ("PRW") experience as a welder (T. 74).

-1-

On May 26, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's Degenerative Disk Disease and Depression did not meet or equal any Appendix 1 listing. T. 17. The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform light work with additional restrictions T. 19. With the assistance of a vocational expert, the ALJ then determined Plaintiff could perform the duties of poultry worker, small products worker and machine tender. T. 22.

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v.*

*Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

**A.  Development of the Record**

The Plaintiff first contends that the Commissioner failed to develop the record because he did not request additional medical source statements from two consultative physicians. See Plaintiff's Brief, at 6-8. The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exist "even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) *(quoting Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)). The ALJ is not required to act as Plaintiff's counsel. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994) (ALJ not required to function as claimant's substitute counsel, but only to develop a reasonably complete record); *see also*

*Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").

Plaintiff presented only one medical record from Summit Medical Center, dated March 9, 2010, where he sought emergency room treatment after falling and landing on his chest while carrying wood (Tr. 155-161). There is no evidence that Plaintiff sought any other medical treatment during his alleged period of disability.

The ALJ sought a consultive examination performed by APN Pham Russell on September 9, 2009 (T. 144-147). In addition to objective test performed by APN Pham Russell she also obtained Roentgenological Report by Dr. Nelson on September 10, 2009 (T. 143). Dr. Bill Payne, M.D. reviewed the medical records on November 17, 2009 and found the )Plaintiff's physical impairments were "non severe". (T. 166). The ALJ also obtained an Orthopedic Examination of the Plaintiff by Dr. Honghiran on December 6, 2010 (T. 189-191).

The ALJ also obtained a Mental Diagnostic Evaluation performed by Dr. Efird on January 10, 2010 (T. 150- 153), and a Mental Residual Functional Capacity Assessment (169-172) and a Psychiatric Review Technique (T. 173-186) performed by Dr. Brad Williams on January 12, 2010.

There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. *Battles v. Shalala,* 36 F.3d 43 at 45 (C.A.8 (Ark.), 1994). In this case the court finds that the ALJ has fully and fairly developed the record.

**B. Severe Impairments**

The Plaintiff next argues that the ALJ next committed error in failing to recognize his left

shoulder impairment as severe. (ECF No. 10, p. 8).  The only evidence of any left shoulder impairment was discovered during a consultive examination by Dr. Honghiran in December 2010 who found that the "x-ray of the left shoulder (1 view) showed normal left shoulder except for some calcification at the AC joint from previous injury." (T. 190)

The claimant has "the burden ... of showing ... that [s]he has a medically severe impairment or combination of impairments." *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987). *Riley v. Shalala*  18 F.3d 619, 621 (C.A.8 (Ark.),1994).

If the impairments result in no more than minimal functional limitations, the impairments are not severe*.  Pepper ex rel. Gardner v. Barnhart*  342 F.3d 853, 854 (C.A.8 (Mo.),2003);  ; Social Security Ruling 96-3p.  Impairments are generally not considered severe when they are stabilized by treatment.  See *Johnston v. Apfel,* 210 F.3d 870, 875 (8th Cir. 2000); *Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir. 2000).

In his Disability Report completed at the time of his application the Plaintiff indicated that it was his "back problems and hips" that kept him from working. (T. 58) The Plaintiff indicated in his Pain Report completed on April 10, 2010 that he had constant pain in his lower and left back. (T. 115, 118, 119, 122).  Nowhere in his Pain Report does the Plaintiff indicate that he suffers pain because of his left shoulder. The fact that the plaintiff did not allege shoulder pain as a basis for his disability in her application for disability benefits is significant, even if the evidence of shoulder pain was later developed. See *Smith v. Shalala*, 987 F.2d 1371, 1375 (8th Cir.1993); *Dunahoo v. Apfel*, 241, F. 3d 1033, 1039 (8th Cir. 2001).  The Plaintiff also stated to the orthopedic specialist in December 2010 that "he had not been able to work for the past 2 years because of low back pain." (T. 189).  At no time during his orthopedic examination does

the Plaintiff indicate that he is have any left shoulder pain. (T. 189-191).

The ALJ correctly determined that the findings of Dr. Honghiran that the Plaintiff has some calcification at the AC joint in his left shoulder did not constitute a severe impairment.

## C. Residual Functional Capacity

The Plaintiff next contends that the ALJ committed error in his determination of the Plaintiff RFC. (ECF 10, p. 9)

The ALJ determined that the "[C]laimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b),  except that the claimant is able to only occasionally climb, balance, stoop, kneel, crouch, and crawl. Non-exertionally, the claimant is able to perform work where interpersonal contact is routine [but] superficial, the complexity of tasks is learned by experience, with several variables and using judgment with limits, and the supervision required would be little for routine work but detailed for non-routine work." T. 19.

RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual

functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

On September 9, 2009, Plaintiff underwent a physical examination at Dr. Floyd's office, conducted by Marie Pham-Russell, an advanced practitioner nurse (Tr. 144-147). 20 C.F.R. § 416.913(d)(1) (the agency may use evidence from a nurse practitioners to show the severity of a claimant's impairments and how it affects the claimant's ability to work). Nurse Pham-Russell documented that Plaintiff had no muscle weakness, atrophy, or spasm; had no joint deformity, stability, ankylosis, or contracture; and had no sensory abnormalities (Tr. 145). Plaintiff had a steady gait (Tr. 145). Plaintiff had normal grip strength; had normal limb function; and was able to hold a pen and write, touch fingertips to palm, oppose thumb to fingers, pick up a coin, stand and walk without assistive devices, walk on heel and toes, and squat and arise from a squatting position (Tr. 145). Plaintiff had normal range of motion of his shoulders, elbows, wrists, hands, hips, knees, ankles, cervical spine, and lumbar spine (Tr. 146). Plaintiff was oriented to time, person, and place, and there was no evidence of psychosis (Tr. 146).

On December 6, 2010, Dr. Honghiran conducted an orthopaedic examination at the agency's request (Tr. 189). Dr. Honghiran noted that Plaintiff was able to walk normally and was able to dress and undress with no problem (Tr. 189). Dr. Honghiran noted that an examination of Plaintiff's lumbar spine showed he could flex 60 degrees and bend side to side 25 degrees on both sides with minimal pain; that his reflex was intact; and he had a negative straight leg on

both sides (Tr. 190). Plaintiff had a full range of motion of his right knee, with no pain or swelling; his left shoulder was normal; his left hand was normal, with full grip; and his left hip showed complete range of motion with no pain (Tr. 190). X-ray examinations of Plaintiff's right knee, left hand, left hip, and left ankle showed normal results; his left shoulder was normal, except for some calcification at the AC joint from a previous injury; and his lumbar spine showed degenerative disc disease of the lower lumbar spine area atL4-5 and L5-S1 level, with a narrowing of the disk space at those two levels (Tr. 190).

On September18, 2009, Ian Moore, an agency medical consultant, opined that Plaintiff had no limitations (Tr.162-163). On November 17, 2009, Martha Dull, also an agency medical consultant, opined that Plaintiff had no limitations (Tr. 164-168).

Notwithstanding the physical evidence the ALJ limited the Plaintiff to light work. Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. *See Page v. Astrue*, 484 F.3d 1040, 1044 (C.A.8 (Ark.),2007); 20 C.F.R. § 404.1567.

On January 5, 2010, Plaintiff went to Dr. Efird, a psychologist, for a mental evaluation at the agency's request (Tr. 150-153). Dr. Efird noted that Plaintiff denied experiencing mental difficulties, aside from forgetfulness; denied receiving inpatient psychiatric treatment; denied receiving outpatient mental health services; and denied taking any psychiatric medications

(Tr.150). Plaintiff reported being able to perform household chores and basic self-care tasks independently (Tr. 151).  It is true that, "[w]hile not dispositive, a failure to seek treatment may indicate the relative seriousness of a medical problem ." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir.1995). *Id*.; *See Kirby v. Astrue*, 500 F.3d 705, 709 (8th Cir. 2007) (holding that lack of formal treatment by a psychiatrist, psychologist, or other mental health professional is a significant consideration when evaluating Plaintiff's allegations of disability due to a mental impairment).

On January 12, 2010, Brad F. Williams, Ph.D., an agency consultant, completed a psychiatric review technique form (PRTF) regarding Plaintiff's mental impairments, where he diagnosed Plaintiff with depressive disorder, NOS (Tr. 171, 173-186). Dr. Williams issued a mental residual functional capacity assessment and opined that Plaintiff was able to able to perform work where interpersonal contact is routine but superficial, e.g. grocery checker; complexity of tasks is learned by experience, several variables, uses judgment within limits; and supervision required is little for routine but detailed for non-routine (Tr. 171).

Generally the results of a one-time medical evaluation do not constitute substantial evidence on which the ALJ can permissibly base his decision. *See, e.g., Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir.1999) (stating that the opinion of a consultative physician does not generally satisfy the substantial evidence requirement). However, in this case the Plaintiff has no treating physician or treatment history upon which to rely. *See Page v. Astrue*, 484 F.3d at 1043 (the medical evidence, state agency physician opinions, and claimant's own testimony were sufficient to determine RFC); *Stormo v. Barnhart*, 377 F.3d 801, 807-08 (8th Cir. 2004) (medical evidence, state agency physicians' assessments, and claimant's reported activities of daily living

supported RFC finding); *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004) (ALJ's RFC assessment properly relied upon assessments of consultative physicians and a medical expert, which did not conflict with the treating physician's records).

The final responsibility for the determination of an individual's residual functional capacity, whether an individual's residual functional capacity prevents him from doing past relevant work, and the ultimate question of whether an individual is "disabled" under the Act are issues reserved to the Commissioner pursuant to SSR 96-5p, 1996WL 374183 (S.S.A.), and 20 C.F.R. § 416.927. The ALJ's residual functional capacity assessment is consistent with the evidence of record and constitutes an appropriate resolution of any conflicts in the evidence. *Richardson*, 402 U.S. at 399-400; *Travis v. Astrue*, 477 F.3d 1037, 1041 (8th Cir. 2007) (it is the ALJ's duty to resolve conflicts in the evidence).

The court finds that the ALJ properly determined the Plaintiff's RFC.

**D. Hypothetical Question**

The Plaintiff next contends that the ALJ committed error in the hypothetical question posed to the VE. (ECF No. 10, p. 12)

Testimony from a vocational expert ("VE") based on a properly-phrased hypothetical question constitutes substantial evidence. *See Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996); cf. *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994) (when hypothetical question does not encompass all relevant impairments, VE's testimony does not constitute substantial evidence to support the ALJ's decision). The ALJ's hypothetical question needs to "include only those impairments that the ALJ finds are substantially supported by the record as a whole." Id. (citing *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir.1993)); see also *Morse v. Shalala*, 32 F.3d 1228,

1230 (8th Cir.1994).  A hypothetical need not use specific diagnostic or symptomatic terms where other descriptive terms can adequately define the claimant's impairments.  *Roe v. Chater*, 92 f.3d 672, 676 (8th Cir. 1996).

The court finds that the hypothetical question to the VE encompassed all relevant impairments.

### IV.  Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed.  The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated  this January 22, 2013.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE